CHARLES EDWARD GRACE, SR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Grace v. Commissioner
Docket No. 2169-77.
United States Tax Court
T.C. Memo 1978-166; 1978 Tax Ct. Memo LEXIS 349; 37 T.C.M. (CCH) 725; T.C.M. (RIA) 780166; May 2, 1978, Filed *349 Charles Edward Grace, Sr., pro se. John P. Graham, for the respondent. HALL MEMORANDUM OPINION HALL, Judge: Respondent determined a deficiency in petitioner's 1974 Federal income tax in the amount of $971.88. Because of a concession by petitioner, the sole issue for decision is whether in 1974 petitoner is entitled to a deduction for capital loss carryovers in the amount of $26,100. Petitioner resided in Cleveland, Ohio, at the time he filed his petition herein. On his 1974 income tax return petitioner claimed a casualty loss deduction in the amount of $26,100 and capital loss carryovers in the total amount of $7,971.00. In his statutory notice respondent disallowed both claims in their entireties for lack of substantiation. Prior to the hearing in this case petitioner conceded the correctness of respondent's determination regarding the claimed capital loss carryovers in the amount of $7,971. At the hearing petitioner contended that he did not have a casualty loss in 1974 but that for 1974 he was entitled to capital loss carryovers of $26,100 by reason of respondent's prior conduct. Petitioner argued that for years prior to 1974 he was entitled *350 to various refunds and credits that were not paid to him or applied to his previous years taxes. He further argued that the amounts allegedly due him were embezzled by respondent and as a consequence he is entitled to capital losses in the years in which the refunds and credits arose. In support of his assertion petitioner submitted various documents (apparently received from respondent) which purported to show his entitlement to refunds and credits for prior taxable years. Petitioner argued that since he was required to substantiate his claimed itemized deductions, respondent was required to substantiate that petitioner either received refunds or was credited for his overpayment of taxes in prior taxable years. We find petitioner's argument to be totally frivolous and without merit. He has presented no evidence whatsoever to support his assertion that he sustained capital losses in years prior to 1974. We therefore conclude that he is not entitled to the asserted capital loss carryovers. Moreover, it is apparent from the exhibits and the testimony of respondent's witness that petitioner's claim that he never received refunds or credits for the overpaymeent of taxes in prior *351 taxable years is based in part upon his misunderstanding of the documents he offered as evidence and of respondent's Certificates of Assessments and Credits for the years 1967 through 1973. We also note that petitioner's present claim apparetnly results from his dissatisfaction with respondent's determinations regarding 1968 through 1973. Each of those years was before this Court in two prior cases, [1] and in each instance we, for the most part, sustained respondent's determinations. While we understand petitioner's obvious chagrin upon his failure in his dealings with respondent, we also note that his failings have been of his own making since he has not maintained adequate records to substantiate his claimed deductions. Decision will be entered for the respondent. Footnotes
1. Grace v. Commissioner,34 TCM 992, 44 P-H Memo T.C. par. 75,226 (1975); Grace v. Commissioner,36 TCM 1583↩, 46 P-H Memo T.C. par. 77,390 (1977).